UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JAQUAN MORTON,

                     Plaintiff,

-against-

CITY OF NEW YORK, VINCENT ORSINI, CORNELIOUS
BUCKLEY, and JOHN and JANE DOE 1 through 10, individually
and in their official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                     Defendants.

-----------------------------------------------------------------X

FILED
CLERK

2012 MAR 30  PM 2:29

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

Docket No.

CV 12 -1564

Jury Trial Demanded

SUMMONS ISSUED

GLEESON, J

LEVY, M.J.

Plaintiff JAQUAN MORTON, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JAQUAN MORTON is a twenty-one year old African American man who resides in Staten Island, New York

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants VINCENT ORSINI, CORNELIOUS BUCKLEY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## **FACTS**

12.     On May 20, 2009, JAQUAN MORTON resided in 29 Warren Street, apartment 2N, Staten Island, New York.

13.     On the above date, at approximately 9:00 p.m., plaintiff was walking into 29 Warren Street, when he was stopped, detained, and searched by the defendant officers.

14.     Notwithstanding the fact that Mr. Morton was lawfully present inside of 29 Warren Street as a tenant of said building, and that he possessed no contraband, the defendant officers placed handcuffs on plaintiff's wrists and arrested him.

15.     The defendant officers imprisoned plaintiff inside a police vehicle for approximately one hour before transporting him to the 120th Police Precinct Stationhouse and imprisoning him therein on false allegations that he was trespassing inside of 29 Warren Street.

16.     The defendant officers held plaintiff until May 21, 2009 at approximately 3:00 p.m., when they released plaintiff after the Richmond County District Attorney's Office declined prosecution of any purported charges against plaintiff.

17.     The defendant officers either directly participated in and/or failed to intervene in the illegal conduct described herein.

18.     Defendant BUCKLEY supervised defendant ORSINI and approved of, oversaw, and otherwise presided over the unlawful arrest and imprisonment of plaintiff.

19.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, falsely arresting individuals who are lawfully present in New York City Housing Authority buildings; the inadequate screening, hiring, retaining, training and supervising of its employees; and due to

3

discrimination against plaintiff due to his race and/or nationality.

20.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the basis to stop, search, and arrest individuals.

21.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

22.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise him.

23.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

24.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of defendants, their agents, servants and employees

4

were carried out under the color of state law.

26.     All of the aforementioned acts deprived plaintiff JAQUAN MORTON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30.     As a result of the foregoing, plaintiff JAQUAN MORTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

5

32.     Defendants arrested plaintiff JAQUAN MORTON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33.     Defendants caused plaintiff JAQUAN MORTON to be falsely arrested and unlawfully imprisoned.

34.     As a result of the foregoing, plaintiff JAQUAN MORTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants had an affirmative duty to intervene on behalf of plaintiff JAQUAN MORTON, whose constitutional rights were being violated in their presence by other officers.

37.     The defendants failed to intervene to prevent the unlawful conduct described herein.

38.     As a result of the foregoing, plaintiff JAQUAN MORTON'S liberty was restricted for an extended period of time, he was put in fear of their safety, and he was humiliated and subjected to handcuffing and other physical restraints.

39.     As a result of the foregoing, plaintiff JAQUAN MORTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

6

attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The defendants falsely arrested and unlawfully imprisoned plaintiff JAQUAN MORTON because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

42.     As a result of the foregoing, plaintiff JAQUAN MORTON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

43.     As a result of the foregoing, plaintiff JAQUAN MORTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

46.     As a result of the foregoing, plaintiff JAQUAN MORTON was deprived of his liberty and right to substantive due process, causing emotional injuries.

47.     As a result of the foregoing, plaintiff JAQUAN MORTON is entitled to

7

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

48.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

50.    As a result of the foregoing, plaintiff JAQUAN MORTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals without probable cause; arresting individuals for mere presence inside a New York City Housing

8

Authority building; engaging in racial profiling and/or racially motivated stops; and, a policy of falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JAQUAN MORTON'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAQUAN MORTON.

55.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAQUAN MORTON as alleged herein.

56.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JAQUAN MORTON as alleged herein.

57.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JAQUAN MORTON was unlawfully arrested, illegally searched, and unlawfully imprisoned.

58.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAQUAN MORTON'S constitutional rights.

9

59.     All of the foregoing acts by defendants deprived plaintiff JAQUAN MORTON of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from the failure to intervene; and

      D.     To receive equal protection under law.

60.     As a result of the foregoing, plaintiff JAQUAN MORTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JAQUAN MORTON demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)     full and fair compensatory damages in an amount to be determined by a jury;

    (B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

    (C)     reasonable attorney's fees and the costs and disbursements of this action; and

    (D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      March 26, 2012

          LEVENTHAL & KLEIN, LLP
          45 Main Street, Suite 230
          Brooklyn, New York 11201
          (718) 722-4100

          By: _____
             BRETT H. KLEIN (BK4744)

          Attorneys for Plaintiff JAQUAN MORTON
          10